FILED

2013 NOV 27 AM 9:37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE M. MENDOZA, et al.,<br><br>Defendants. | Case No. ED CV 13-2059-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

On November 8, 2013, defendant Maria T. Mendoza, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application by co-defendant Jose M. Mendoza to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

Case 5:13-cv-02059-UA-DUTY Document 4 Filed 11/27/13 Page 2 of 2 Page ID #:39

diversity or federal question jurisdiction, or supplying jurisdiction due to denial of civil rights, and therefore removal is improper. 28 U.S.C. §§ 1441(a), 1443; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). First, although defendant hints at federal question jurisdiction, as described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, because the unlawful detainer action to be removed does not actually raise the federal claims to which defendant points, there is no basis to assert federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. Second, defendant also suggests diversity jurisdiction as her basis for removal, but because the amount in controversy does not exceed $75,000 and there is no factual allegation supporting diversity of citizenship, there is no basis to assert diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. And third, defendant's assertion of removal jurisdiction under 28 U.S.C. § 1443 is baseless, as she has not satisfied either prong of the two-part test required for removal under § 1443(1). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

    Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Riverside County, 13800 Heacock Street, Building D #201, Moreno Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 11/20/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE